UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-23928-KING

LISA ZEMBA,

    Plaintiff,

v.

COMCAST CORPORATION,
a Pennsylvania Corporation; and
INTEGRATED TECH GROUP, LLC,
a Foreign Limited Liability Company,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Comcast Corp.'s ("Comcast") Motion to Dismiss Plaintiff's Complaint (DE #12), and Defendant Integrated Tech Group LLC's ("ITG") Motion to Dismiss and Supporting Memorandum of Law (DE #14). This matter is fully briefed,[1] and as conceded by the Plaintiff, Defendants Motions should be granted and Plaintiff should be given leave to amend her Complaint.

### I. Background

In her Complaint, Plaintiff alleges that when Orestes Alegre ("Alegre"), a now-former employee of Defendant ITG (alleged to be part of a joint venture with Defendant Comcast), was dispatched to her home in order to repair a cable television box located in her bedroom, Alegre falsely imprisoned Plaintiff and performed inappropriate and unsolicited sexual acts in her presence. Plaintiff alleges that she called 305-COMCAST in order to schedule the repair, that Alegre arrived in a vehicle bearing the Comcast logo, that he was wearing a Comcast shirt, that

---

[1] Plaintiff filed her Response in Opposition to ITG's Motion to Dismiss (DE #19), and her Response in Opposition to Comcast's Motion to Dismiss (DE #25). Comcast's Reply in Support of its Motion to Dismiss appears at (DE #28), and ITG filed its Reply in Support at (DE #30).

he utilized a Comcast-issued identification card to gain access to her home, and that it was only after these events that Plaintiff learned Alegre was not an employee of Comcast, but of Defendant ITG.

Plaintiff's Complaint alleges three counts: Count I, for negligent hiring, is leveled only at Defendant ITG; Counts II and III, for negligent hiring and negligent supervision, respectively, are leveled only at Defendant Comcast.

Plaintiff's negligent hiring claim against ITG is founded on the allegation that the background check ITG had performed on Alegre prior to his hiring was inadequate because it did not include any check whatsoever of his background prior to his arriving in the United States from Cuba. The negligent hiring claim against Comcast is founded on the allegation that Comcast (1) approved ITG's issuance to Alegre of the identification badge bearing the Comcast logo that enabled Alegre to gain access to Plaintiff's home, (2) had an agreement with ITG regarding qualifications and background checks for applicants to whom ITG would issue Comcast-approved identification cards, and (3) that Comcast therefore had a duty to ensure that ITG's background check was sufficient to both ensure safety of customers and to comply with the agreement on background checks alleged to exist between the Defendants. Plaintiff's negligent supervision claim against Comcast is founded on the allegation that Comcast did not properly supervise ITG's background check procedures to ensure the safety of its customers.

## II. Legal Standard

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2010) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show entitlement to relief and must plead "more

2

than labels and conclusions. . . . A formulaic recitation of the elements of a cause of action will not do." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court may also consult documents that are attached to the Complaint or motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

### III. Discussion

Defendants have moved to dismiss Plaintiff's Complaint on several grounds, all turning on the adequacy of the Complaint's factual allegations.

ITG's chief argument in its Motion to Dismiss is that Plaintiff's Complaint fails to state a claim for negligent hiring under Florida Law. "To state a claim for negligent hiring, plaintiff

3

must allege facts showing that the employer was put on notice of the harmful propensities of the employee" *Ure v. Oceania Cruises, Inc.*, 2014 WL 5523122 *3 (S.D. Fla. Oct. 31, 2014) *reconsideration granted on other grounds*, *Ure v. Oceania Cruises, Inc.*, 2014 WL 6611586 (S.D. Fla. Nov 20, 2014). Further, the Florida Supreme Court has held that

> To bring a prima facie case for negligent hiring, a plaintiff must demonstrate that: (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

*Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002). ITG points to the complete absence from Plaintiff's Complaint of any allegations related to the second element of the negligent hiring cause of action. Plaintiff does not allege any facts to show that any investigation in to Alegre's background in Cuba would have revealed Alegre's unsuitability for employ, and does not allege that anything in Alegre's background would have in fact rendered him unsuitable for employ. In short, Plaintiff alleges no facts showing that the employer was put on notice of any harmful propensities of the employee, or that they would have been had they conducted a more thorough check.

Plaintiff does not respond to ITG's argument on this point at all. Instead, Plaintiff argues that she has pled enough facts to state some unspecified claim for negligence under a vicarious liability or agency theory, and that therefore her Complaint should not be dismissed. At least, not without leave to amend as requested by ITG.

The Court agrees with ITG both that Plaintiff's failure to plead facts to support her negligent hiring claim is fatal to that claim, and that Plaintiff's abandonment of that claim in failing to respond to ITG's argument warrants dismissal of that claim. *See West Coast Life Ins. Co. v. Life Brokerage Partners LLC*, 2009 WL 2957749 (S.D. Fla. 2009) (Ryskamp, J.) (citing

4

S.D. Fla. L.R. 7.1 and stating "Plaintiff failed to respond to [Defendant's] motion to dismiss Count 11, which alone constitutes grounds for the Court to dismiss this count by default.")

Plaintiff's Complaint suffers from similar deficiencies in Counts II and III against Comcast. First, as Plaintiff's claim for negligent hiring as against Comcast is based entirely on the same facts, in shotgun fashion, as the facts underlying Plaintiff's claim against ITG, the Complaint fails to state a claim against Comcast for negligent hiring for the same reason that claim fails against ITG. Further, because the Plaintiff's negligent supervision claim against Comcast rests on the theory that Comcast inadequately supervised ITG's background check procedures, and Plaintiff cannot state a claim for negligent hiring based on those procedures, Plaintiff's negligent supervision claim must fail.

Moreover, Plaintiff has conceded that her complaint fails to state either of these causes of action against Comcast. In her Response to Comcast's Motion to Dismiss, Plaintiff claims that her theory of liability has changed from that found in the Complaint, and that theory "is not negligent hiring, retention, or supervision—defendants are right about that." DE #25 at 13. Instead, and in attempt to save the facts of the Complaint as alleged, Plaintiff claims that the Court should look to the facts alleged and not dismiss as long as those facts "will support some viable legal theory." *Id.* Recognizing that those allegations do not state a claim for the causes of action actually alleged in the Complaint, Plaintiff then cites to the Restatement (Second) of Agency for some undefined cause of action she would allege against Comcast.

The Court rejects Plaintiff's attempt to amend the Complaint through her Responses to the Defendants' Motions to Dismiss. As plead, and as Plaintiff concedes, Plaintiff's Complaint fails to state a claim for negligent hiring against either defendant, and fails to state a claim for negligent supervision against Comcast. Accordingly, Plaintiff's Complaint must be dismissed, and Plaintiff should be given leave to file an Amended Complaint to cure these pleading deficiencies if she is able.

## IV. Conclusion

Therefore, it is **ORDERED, ADJUDGED and DECREED** that Defendant Comcast Corp.'s Motion to Dismiss Plaintiff's Complaint **(DE #12)**, and Defendant Integrated Tech Group LLC's Motion to Dismiss and Supporting Memorandum of Law **(DE #14)** be, and the same hereby are, **GRANTED**. Plaintiff's Complaint (DE #1) is hereby **DISMISSED** without prejudice to Plaintiff filing an Amended Complaint within 10 days of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of June, 2015.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
Magistrate Judge Edwin G. Torres
All Counsel of Record